IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN SMITH,** | : CIVIL ACTION NO. 1:25-CV-1236 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN OF FCI-SCHUYLKILL,** | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Darren Smith, argues that the United States Bureau of Prisons ("BOP") has improperly denied him time credits under the First Step Act ("FSA"). The petition will be dismissed for Smith's failure to exhaust administrative remedies.

I. **Factual Background & Procedural History**

Smith is serving a 240-month criminal sentence imposed by the United States District Court for the Western District of New York. (Doc. 5-2 at 2). He is housed in Schuylkill Federal Correctional Institution ("FCI-Schuylkill").

Smith's petition arises from the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Inmates who have been assessed at a minimum or low risk of recidivism who do

not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Smith's petition asserts that the BOP has improperly refused to apply time credits he has earned under the FSA to his sentence. (Id.) Respondent responded to the petition on August 8, 2025, arguing that Smith failed to exhaust administrative remedies, that his claim otherwise fails on its merits, and that his claim is not yet ripe. (Doc. 5). Smith filed a reply brief in support of his petition on August 25, 2025, making the petition ripe for review. (Doc. 6).

## II.     Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Smith's petition should be dismissed for failure to exhaust administrative remedies because he did not appeal his relevant administrative remedy requests through all stages of the BOP's administrative remedy process. (Doc. 5 at 7-10). Respondent provides evidence of Smith's failure to appeal his administrative remedy requests. (Doc. 5-5). Smith does not address this evidence in his reply brief, other than stating in conclusory fashion that the administrative remedy process should be disregarded as futile because he received responses to his grievances that were for "explanation only . . . with no substantive relief." (Doc. 6 at 2). Smith's reply brief also argues in conclusory fashion that his continued incarceration would constitute irreparable harm and that the exhaustion doctrine for Section 2241 habeas petitions is prudential and may be excused in certain situations. Smith does not provide any factual support for any of these arguments.[1]

---

[1] It appears that Smith's reply brief may have been drafted by an artificial intelligence large language model ("LLM") and that the prompt given to the model to generate the brief contained few, if any, facts from Smith's particular case.

3

Smith's unsupported and conclusory arguments are not sufficient to excuse exhaustion of administrative remedies. To the extent Smith is arguing that exhaustion would be futile because the BOP is likely to rule against him, the administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." Williams, 2024 WL 4204277, at *2 (quoting Ross v. Martinez, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))). The petition will accordingly be dismissed for failure to exhaust administrative remedies because Smith has not completed the BOP's administrative remedy process and no exceptions to the exhaustion requirement apply.[2]

### III. Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   September 29, 2025

---

[2] The court does not address respondent's alternative arguments regarding the merits and ripeness of the petition.

4